UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KYLE HEBERT ET AL**               **CASE NO. 2:24-CV-00956**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**USA**                             **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is a "Motion to Dismiss" (Doc. 5) filed by the United States of America (the "US"), wherein the US moves to dismiss the instant lawsuit for lack of jurisdiction. Plaintiff has not opposed the Motion and the time for doing so has now lapsed.[1]

## BACKGROUND

The instant lawsuit is a personal injury action brought pursuant to the Federal Torts Claims Act ("FTCA"). In their original Complaint, Plaintiffs alleges that on April 8, 2023, Kyle Hebert was driving a vehicle, with Rodney and Kara Hebert traveling as guest passengers. Stephanie Batchan, an employee of the United States Postal Service ("USPS"), who was acting in the course and scope of her employment, approached an intersection, but failed to stop at the stop sign, and struck the Hebert vehicle causing Kyle Hebert's vehicle to roll upside down. Plaintiff assert a tort claim against Batchan and the US.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

---

[1] See Notice of Motion Setting, dated 10/15/2024. Doc. 6.

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995). The party asserting jurisdiction has the burden of pleading and proving that the Court has subject matter jurisdiction and must do so by a preponderance of the evidence. *Alabama-Coushatta Tribe*

*of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When reviewing a "facial attack" on jurisdiction, the well-pleaded factual allegations of the Complaint are accepted as true, and the Court evaluates the sufficiency of those allegations. *Isom v. Louisiana Off. of Juv. Just.*, No. CV 21-00013, 2021 WL 5763560, at *2 (M.D. La. Dec. 3, 2021) (citing *Paterson v. Weinberger*, 644 F.2d 521, 524 (5th Cir. 1981)). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Hall v. Louisiana*, 974 F. Supp. 2d 978, 985 (M.D. La. 2013) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992)).

## **LAW AND ANALYSIS**

The FTCA provides the exclusive remedy for tort claims based on the alleged negligence of a federal employee acting within the scope of her duties. The US asserts that Plaintiffs failed to wait for a written denial of the administrative claim they submitted to the Postal Service or allow the passage of six months from presentation of the claim, whichever occurs first, before filing suit. 28 U.S.C. § 2675(a). Therefore, the US moves to dismiss Plaintiffs' lawsuit because the Court lacks subject matter jurisdiction.

The subject accident occurred on April 8, 2023. Plaintiffs' administrative tort claims, submitted via Standard Forms 95, were received by the USPS on January 23, 2024.[2]

---

[2] Defendant's exhibit 1, Declaration of Kimberly A. Herbst; doc. 5-2.

This lawsuit was filed on July 18, 2024. As of July 18, 2024, the USPS had not taken final action as to Plaintiffs' claims and six months had not yet elapsed since the agency's receipt of those claims.

In *McNeil v. United States*, 508 U.S. 106, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), the Supreme Court held that an action filed prior to the expiration of the six-month waiting period cannot become timely by the passage of time after the complaint is filed. This requirement is jurisdictional and may not be waived. *Id*. As such, the lawsuit was file prematurely and must be dismissed.

## CONCLUSION

For the reasons explained herein, the Court will grant the Motion to Dismiss (Doc. 5) filed by the United States of America and dismiss this lawsuit without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 19th day of November, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**